Filed 2/18/25  P. v. Espinoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082192 |
| v. | (Super.Ct.No. RIF078132) |
| PETER GALLARDO ESPINOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,
Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D.
Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Peter Gallardo Espinoza filed a petition for resentencing under Penal Code[1] section 1172.6, which the trial court summarily denied. Defendant asserts that procedural errors in the prima facie hearing on his petition require reversal and remand for his resentencing petition to proceed to an evidentiary hearing. His claims of procedural error include that the prosecutor only forwarded to defense counsel copies of the jury instructions in defendant's underlying trial, without also filing a brief opposing his petition, and that the court failed to provide a statement of reasons for denying his petition.

Defendant further asserts that "the record in the case also fails to provide an adequate basis for appellate review," but defendant did not oppose—and this court granted—the People's request for judicial notice of the record in his prior appeal from his underlying conviction. As we explain more fully *post*, defendant's contentions do not require reversal because, given that our review is de novo and the record of conviction shows as a matter of law that defendant is outside the scope of resentencing relief available under section 1172.6, he fails to demonstrate the prejudice necessary for reversal. We therefore affirm the trial court's order denying his petition.

## FACTUAL AND PROCEDURAL HISTORY

In June 2006, a jury convicted defendant of premeditated first degree murder (§ 187, subd. (a)) and found true allegations he personally used a deadly weapon (a knife) to commit the offense (§§ 1192.7, (c)(23), 12022, subd. (b)(1)). The trial court sentenced

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant to a prison term of 26 years to life. Defendant appealed his conviction, which this court upheld. (*People v. Espinoza* (Jan. 31, 2008, E040852) [nonpub. opn.].)

The factual background of the crime as stated in our prior opinion indicated that defendant approached his teenage victim, Alan Doyle, and several of Doyle's friends at a taco stand after a concert.[2] Defendant demanded to know, " 'Where are you from,' " and, "[b]efore anyone could answer, defendant stabbed Doyle in the stomach and ran back to the car." (*People v. Espinoza*, *supra*, E040852.) Doyle died of his wounds, with "defendant's blade ha[ving] punctured Doyle's stomach, liver and aorta." (*Ibid.*) The record of defendant's conviction, as reflected in the record brought up in the prior appeal—including the charging documents, the parties' closing statements, and the jury instructions—all indicated defendant acted alone as the sole perpetrator in stabbing Doyle to death. As defense counsel conceded in closing argument, "[Defendant] stabbed Alan Doyle. That's how he died." The issue at trial, as the prosecutor put it, was: "[I]s it murder in the first degree or . . . second degree?"[3]

---

[2] We include this background to give context to defendant's claim in his present appellate challenge that, as we discuss *post*, the prosecutor at the prima facie hearing on defendant's resentencing petition misstated the facts of the case. Defendant does not suggest the trial court considered our prior opinion or improperly relied on it to deny him relief. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [facts as recited in a prior appellate opinion incompetent to preclude resentencing relief under § 1172.6, including "at the prima facie stage"]; accord *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.)

[3] While the "record of conviction" for purposes of a resentencing petition under section 1172.6 does not include everything in the record below or from a defendant's underlying trial, it does include the charging documents, the plea form or verdict forms, and the instructions that were given to the jury. (See, e.g., *People v. Williams* (2022) 86

*[footnote continued on next page]*

Almost 17 years after the trial, in March 2023, defendant filed a form resentencing petition under section 1172.6. The superior court appointed counsel and, in September 2023, held a hearing on the petition to determine whether the petition stated a prima facie case for defendant to proceed to an evidentiary hearing for possible resentencing relief. (§ 1172.6, subds. (c), (d).)

At the prima facie hearing, the prosecutor, Geoff Allard, stated: "The defendant was convicted in 2006 of attempted murder for stabbing a number of people outside of a concert in Corona. He claimed self-defense, for context. [¶] Jury instructions were sent to [defense counsel,] Mr. Romney [of VMB Attorneys]. None of them were violative. No instructions regarding natural and probable consequences, felony murder, or any other theory by which malice could possibly be imputed to the defendant. We ask that the petition be denied."

Defense counsel added: "I confirm that's accurate, and I will submit." The court then denied defendant's petition at the hearing, explaining, "Okay. The petition is denied for the reasons articulated by the district attorney."

## DISCUSSION

Defendant contends several procedural errors tainted the prima facie hearing. He acknowledges counsel was "appointed as he requested" in his petition, "as required in [section 1172.6,] subdivision (b)(3)," but argues "that is where the statutory compliance

Cal.App.5th 1244, 1247, fn.3.) It also includes closing arguments. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).)

4

ended." In particular, he asserts as reversible error the prosecutor's decision to "file[] no brief as required in [section 1172.6,] subdivision (c) prior to the hearing." Further, according to defendant, "[t]he court denied the petition without stating reasons as also required in subdivision (c)."[4]

Additionally, defendant in his opening brief claims that the record is inadequate for our appellate review, in that, while the prosecutor "referred to the jury instructions . . . when arguing [defendant] was ineligible for re-sentencing [citation], the prosecutor failed to make a proper record by including the evidence relied on to make that determination." The People's unopposed request for judicial notice moots this contention and, in light of the standard of review, dispels defendant's claim there was reversible error.

Our review of a trial court's decision on a section 1172.6 resentencing petition at the prima facie stage is de novo. (*Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

Briefly summarized, the resentencing petition procedure outlined in section 1172.6 provides that a person convicted under the law of murder predating changes made by the Legislature in 2019 and 2022 may be eligible for resentencing if his or her conduct would not constitute murder as defined under current law. (§ 1172.6, subd. (a); see Sen. Bill No. 1437 (2017-2018 Reg. Sess.); Sen. Bill No. 775 (2021-2022 Reg. Sess.).) In limiting the scope of the felony murder rule and eliminating the natural and probable

---

[4] Section 1172.6, subdivision (c), provides in pertinent part: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. . . . If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause [why relief should not be granted]. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

5

consequences doctrine as applied to aiders and abettors, Senate Bill No. 1437's stated purpose was to: "[E]nsure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Senate Bill No. 775 extended potential resentencing relief to anyone previously convicted of murder pursuant to any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (See § 1172.6, subd. (a)(1).)

If a petition for resentencing under section 1172.6 is properly pleaded, the trial court must appoint counsel, accept briefing by the parties, and conduct a prima facie analysis of the petitioner's eligibility for resentencing. (§ 1172.6, subds. (b)(3) & (c).)

The "trial court can rely on the record of conviction in determining whether [a] prima facie showing is made." (*Lewis*, *supra*, 11 Cal.5th at p. 970.) A prima facie showing is *not* made if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*Lopez*, *supra*, 78 Cal.App.5th at p. 14.) For example, if the jury instructions show that jurors were not instructed on any theory of liability affected by Senate Bill No. 1437, or if the record of conviction otherwise shows the conviction was based on a theory of liability that remains valid under Senate Bill No. 1437, the trial court may deny the petition at the prima facie stage. (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

Here, the record of Espinoza's conviction makes clear as a matter of law that he is ineligible for resentencing relief. He is ineligible as the victim's actual killer, whom the jury determined acted with malice and the jury did so without resort to any theory of imputed liability. (See, e.g., *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166 [the amended murder statutes may "benefit some accomplices to murder but they never affect the murder liability of the killers"]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47 [conviction "as the actual killer" rendered the defendant "ineligible for relief as a matter of law"]; see also *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [where jury instruction requiring malice was given and there were none on felony murder or natural and probable consequence doctrine, the defendant was "ineligible for relief as a matter of law"].) Defendant does not dispute this conclusion. (See *People v. Pickett* (2023) 93 Cal.App.5th 982, 989-990 [petition meritless where no meaningful dispute defendant was sole and actual perpetrator of killing].)

We therefore affirm the trial court's ruling—albeit with two observations. First, defendant is correct that the prosecutor's failure to file a brief below or adduce supporting aspects of the record of conviction added to our burden on review, just as the Supreme Court cautioned against. (See *Lewis*, *supra*, 11 Cal.5th at pp. 969-970 ["Leaving it to an appellate court to review a summary denial, on an underdeveloped record, . . . strain[s] judicial resources"], citing *People v. Tarkington* (2020) 49 Cal.App.5th 892, 926 (dis. opn. of Lavin, J.) ["Cases in which the prosecution assembles the record below and writes a short explanatory brief before defense counsel submits on the record are much

less time-consuming on appeal than [those] in which we cannot even determine the basis for the trial court's decision"].)

Second, and related, while we are not persuaded the trial court failed, as defendant claims, to state its reasons for its ruling (it did so orally), we are sensitive to defendant's dignity interest under state due process protections in having the trial court assess his petition according to the facts of his case, rather than the prosecutor's mistaken statements about the record. (Cal. Const., art. I, §§ 7, 15; see *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 213 [dignity interest is an added element in weighing process that is due].)

We must assume, however, that the trial court in stating its reasons for denying defendant's petition (citing "the reasons articulated by the district attorney") was relying on the prosecutor's correct statement that no jury instructions were given that would implicate imputed malice. Rather than on the prosecutor's incorrect factual statements suggesting defendant: (1) had been convicted of attempted murder, (2) based on stabbing multiple people, and (3) had argued at trial that he did so in self-defense. (See generally *People v. Presley* (2021) 65 Cal.App.5th 1131, 1142-1143 [reviewing courts must presume trial court knows and applies the law correctly and distinguishes between relevant and irrelevant material, with "mere fact that the court heard or read [incorrect facts] not sufficient to overcome the presumptions"].) We note the prosecutor's error in failing to submit a brief (§ 1172.6, subd. (c)) no doubt led to his incomplete grasp of the facts. (See *People v. Tarkington, supra*, 49 Cal.App.5th at p. 925 [trial-level shortcuts are

8

"a false economy that shifts work from trial counsel to appellate counsel and from the trial courts to the appellate courts"].)

Nevertheless, despite the prosecutor's factual errors—and even assuming arguendo a faulty premise or any deficiency in the trial court's statement of reasons—the errors were not prejudicial. (See Cal. Const., art. VI, § 13 [prejudicial error a prerequisite for reversal "for any error as to any matter of procedure"].) Our de novo review discussed *ante* demonstrates there was no prejudice because defendant, as a matter of law, is not entitled to resentencing relief. Moreover, we reject defendant's attempt to elevate the court's alleged statutory error in failing to provide a fuller, factually sure statement of reasons to the level of a state or federal constitutional due process violation. Procedural errors in effectuating section 1172.6 are subject to *Watson* harmless error analysis, under which the petitioner must show there is a reasonable probability he or she would have obtained a more favorable result had the court not erred. (*Lewis*, *supra*, 11 Cal.5th at p. 973, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.) That showing cannot be made, as reflected in our de novo analysis.

**DISPOSITION**

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.

10